THE PEOPLE OF THE STATE OF NEW YORK on Complaint of MORRIS ROSNER, Respondent, *v.* MURRAY ROSE, Appellant.

County Court, Nassau County, December 18, 1935.

*Harry G. Friedman* [*Morris Fish* of counsel], for the appellant.

*Martin W. Littleton, Jr., District Attorney,* and *Philip Huntington, Assistant District Attorney,* for the respondent.

JOHNSON, J. The defendant appeals from a judgment convicting him of a violation of section 484, subdivision 2, of the Penal Law.

Subdivision 1 of that section forbids the admission of " any child actually or apparently under the age of sixteen years, unless accompanied by its parent or guardian " to " any dance-house, public pool or billiard room, public bowling alley, concert saloon, theatre, museum, skating rink, kinetoscope or moving picture performance, or in any place where wines or spirituous or malt liquors are sold or given away, or in any place of entertainment injurious to health or morals." Thus the prohibition under that subdivision applies only to the case of such a child when unaccompanied by parent, guardian or adult person duly authorized, and forbids the mere admission to or presence of such a child in any of the enumerated places unless so accompanied.

Under subdivision 2 of that section, one may not suffer or permit " any such child to play any game of skill or chance in any such place, or in any place adjacent thereto, or to be or remain therein,

or admits to or allows to remain in any reputed house of prostitution or assignation, or in any place where opium or any preparation thereof is smoked."

"Any such child" obviously means any child actually or apparently under the age of sixteen years. It is to be noted that this subdivision omits the proviso of the first subdivision removing the act from the category of crime if the child be accompanied by parent or guardian. By the second subdivision it is clearly forbidden to admit such a child to, or to permit it to remain in, a reputed house of assignation or prostitution or in a place where opium is smoked, whether the child be accompanied by parent or guardian or not. The distinction is obvious and the evil sought to be reached is clear. Any such child may be admitted to and permitted to remain in a " dance-house, public pool or billiard room, public bowling alley, concert saloon, theatre, museum, skating rink, kinetoscope or moving picture performance, or in any place where wines or spirituous or malt liquors are sold or given away" if accompanied by parent or guardian. In the places thus enumerated, the danger lurks only in the presence of the child not properly accompanied.

On the other hand, its presence, whether so accompanied or not, is deemed dangerous and is absolutely prohibited in " any reputed house of prostitution or assignation, or in any place where opium or any preparation thereof is smoked."

In the instant case the place maintained by the defendant was none of the places thus specifically enumerated. It was a " place of entertainment," and to bring the defendant within the section it must be found to be a " place of entertainment injurious to health or morals."

The difficulty lies in the first portion of subdivision 2 of the section making one guilty of a misdemeanor who " suffers or permits any such child to play any game of skill or chance in any such place * * * or to be or remain therein."

"Any such place " necessarily refers to the places designated in subdivision 1, including a " place of entertainment injurious to health or morals."

The difficulty may be confined to the addition of the words " or to be or remain therein " in subdivision 2. If read literally, and separate from the context, subdivision 1 would prohibit the presence of such child in any such place unless accompanied by parent or guardian, while subdivision 2 would prohibit such presence whether so accompanied or not.

The two subdivisions must be read together and reconciled if possible. When so read, the reconciliation is not difficult, and the result is as follows:

Such child may not under any circumstances be admitted to or permitted to remain in a house of prostitution or assignation, or place where opium is smoked.

Such a child may be admitted to or permitted to remain in any of the places enumerated in subdivision 1 if accompanied by parent or guardian, but may not be permitted, whether so accompanied or not, to play any game of skill or chance in any such place.

The charge against the defendant in the instant case is that he permitted such a child to play a game of skill or chance in such a place. The evidence is sufficient to sustain the finding of the trial court that the place was a "place of entertainment" operated and maintained by the defendant containing games of skill or chance, that a child was permitted to play such a game, and that the child was apparently under the age of sixteen years. The place was not one of those specifically enumerated in subdivision 1. It follows that, in order to sustain the conviction, it must appear that it was a "place of entertainment injurious to health or morals." A determination of that question seems to me to turn upon the character of the games, machines or devices which the defendant maintained for operation in his place as there is no testimony upon which a finding could rest that the place was otherwise injurious to health or morals.

If it were made to appear that the defendant possessed and maintained in his place a device or devices which he permitted to be operated by children actually or apparently under the age of sixteen years and which device or devices were such that possession of the same would constitute a violation of provisions of the Penal Law as to gambling or lotteries (such, for instance, as Penal Law, § 982) so that the devices themselves would constitute a nuisance (Penal Law, § 972), I think it might well be then said that the place thus maintained would *ipso facto* be classified as a place "injurious to morals," and this for the reason that such a place would violate the legislative provisions, whereby "gambling" is made a punishable offense as a matter of public policy, in execution of the constitutional mandate (N. Y. Const. art. 1, § 9) that "gambling" shall not be authorized or allowed within this State.

However, the evidence in this case, in my opinion, fails to show such a state of facts. It fails to show that the so-called "pin game" played by the child was a game of chance rather than a game of skill, or that in its operation the element of chance outweighed that of skill. From such evidence, it cannot be said, as was the case in *Matter of Shapiro* v. *Moss* (245 App. Div. 835), that chance was the dominating element determining the result of the game and that the machine was designed primarily for gambling purposes.

Furthermore, proof is entirely lacking of the fact that, as a result of operation of the device, the operator might become entitled to anything of value. Under such circumstances, the element of " gambling " is lacking, leaving nothing upon which to base a finding that the place was one injurious to morals.

Consequently, the judgment of conviction must be reversed and the fine remitted.